# Tseitlin Law Firm P.C.
345 Seventh Avenue, 21st Floor
New York, New York 10001

Telephone: (212) 944-7434
Facsimile: (212) 398-8835
Email: tseitlinlaw@gmail.com

*For substantially the reasons stated in this letter and because the Government takes no position on this application, the Probation Office's application is DENIED.*

February 22, 2021

**VIA ECF**

Dated: July 29, 2021
New York, New York

*[Signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   United States v. Valerie Volsky, 16 Cr. 371 (LGS)

Dear Judge Schofield,

    This letter is respectfully submitted in response to the Probation Department's request for a modification of the conditions of Ms. Volsky's supervised release. The Probation Department is requesting that Ms. Volsky is to notify her employer of her criminal record, and also notify any future place of employment of her conviction when her position includes medical billing and/or the processing or submissions of insurance forms and claims. Ms. Volsky respectfully objects to this request for the reasons that follow. The Government takes no position.

    Because an employer notification requirement limits the terms on which a defendant may engage in the specified occupation, it must be treated as an occupational restriction. See *United States v. Peterson, 248 F.3d 79, 85-86 (2d Cir.2001)*. The Probation Department provides no justification for its request. Although stating that they "do not have suspicions that she may continue to engage in unlawful conduct similar to that for which she was convicted," they nevertheless believe that "the employer should be aware." See, *Request for Summons and Modification of the Conditions*, p. 3. Under 18 USC 3563(b) and its legislative history occupational restrictions may be imposed only if they are reasonably necessary to protect the public from further crimes of the defendant, but may not be imposed to any greater extent than reasonably necessary to achieve that purpose.

    To impose an occupational restriction under the Sentencing Guidelines, Sec. 5F1.5, the Court must determine that:

       (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and

       (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted. U.S.S.G. § 5F1.5(a)(1)-(2).

    The Guidelines further state that when a limitation is placed on a defendant's engagement in an occupation, "the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public." U.S.S.G. § 5F1.5(b). Guidelines § 5F1.5; see also id. Commentary (quoting Senate Report at 96–97, reprinted in 1984 USCCAN at 3279–80).

    In sum, under the Guidelines, an occupational restriction is a special condition of probation that the Court is not to impose unless it finds, *inter alia*, that there is reason to believe that, without such a restriction, the defendant will continue to engage in unlawful conduct similar to that for which he was convicted, and that such a restriction is, therefore, reasonably necessary to protect the public. *U.S. v. Doe*, 79 F.3d 1309, 1322 (1996)

    First, no reasonably direct relationship exits between Ms. Volsky's present occupation and the conduct relevant to the offense of conviction. Ms. Volsky's present employer is a pediatric dental practice, Pediatric Dental Associates, where she has been employed as a billing clerk since 2003. She began working there about five years before she started working at Burman's clinics. She works as a billing clerk, her duties are limited to clerical tasks as she enters billing codes (selected by other employees) in the system and submits bills to insurance companies. So her occupation is very different from what she was tasked to do at Burman's clinics. She performs strictly clerical tasks, has no managerial duties or duties related to finances, such as was the case at the clinics. She just enters data and sends out bills. At Burman's clinics she was not involved in billing because he had billing companies retained for that purpose. As stated in the Gov's 5K.1 letter (p. 2) "[a]t first, Burman tasked Volsky primarily with ordering medical office supplies, and with coordinating with billing companies retained by the clinics. Over time and despite Volsky's lack of any formal training in finance, Burman gave Volsky additional responsibilities, including enrollment of the clinics and clinics' medical professionals with Medicare and Medicaid; administration of the clinics payroll and banking; and involvement in the incorporation, registration, and dissolution of various entities used by Burman to operate the scheme. She did not exercise independent decision-making authority, except in figuring out how to exercise her duties". At her present job, she supervises no one and has no responsibilities related to finances, banking, payroll, collections, incorporation. The pediatric dental practice where she works does not accept Medicaid or Medicare.

    Second, imposition of such a restriction is not necessary to protect the public because there is no reason to believe that, absent such restriction, Ms. Volsky will continue to engage in unlawful conduct similar to that for which she was convicted. Indeed, even the Probation Department conceded that in their submission to the Court.

Ms. Volsky is 64 years old, had no prior criminal history, and was cooperating with the government for over four years prior to her sentencing, while she continued working at her present job. She informed her supervisor of the pending charges and the office accommodated her when she had to take time off to attend proffer sessions and in preparations for the trial. Also, her employer submitted a character letter on her behalf in aid of sentencing, praising her work ethic. However, she has a new supervisor and is concerned that her job will be in jeopardy, if she had to disclose her conviction. If she were to lose her job, given Ms. Volsky's age and limited English language skills, she believes she would have difficulty finding employment.

As a result, we respectfully request the Court not impose an occupational restriction as a condition of her supervised release. If the Court schedules a hearing in this matter, Ms. Volsky will appear without need for a summons. She has complied with all the terms of supervised release.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Alexandra Tseitlin

Alexandra Tseitlin

cc:  (via ECF)
AUSA David R. Lewis
AUSA Timothy V. Capozzi
AUSA Stephen J. Ritchin